**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**LEWIS T. BABCOCK, CHIEF JUDGE**

Civil Case No.  05-cv-00580-LTB-OES

FRITZ  SCHAEFER,

      Plaintiff,

v.

DUQUESNE UNIVERSITY OF THE HOLY GHOST,

      Defendant.

_____

ORDER

_____

This matter is before me on a Motions to Dismiss for Lack of Personal Jurisdiction,

pursuant to Fed. R. Civ. P. 12(b)(2), and for Failure to State a Claim Upon Which Relief Can Be

Granted, pursuant to Fed. R. Civ. P. 12(b)(6), filed by Defendant Duquesne University of the

Holy Ghost.  Defendant seeks dismissal of the complaint filed by Plaintiff, Fritz Schaeffer, or, in

the alternative, seeks a Transfer of Venue, pursuant to 28 U.S.C. § 1404.  Oral argument would

not materially assist in the determination of these motions.  After consideration of the motions and

all related pleadings and attachments, for the reasons set forth below I GRANT Defendant's

motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), and I DISMISS Plaintiff's complaint.

MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

A.  Facts

Plaintiff, a Colorado resident, is the former President of Industrial Microwave

Technologies, Inc. (IMT), and has been assigned IMT's right, title and interests in this litigation.

Duquesne is a non-resident Defendant research university located in Pittsburgh, Pennsylvania. The underlying relevant facts of this case, viewed in the light most favorable to Plaintiff, are as follows.

In 1999, Plaintiff contacted H. M. Kingston, a professor in the Department of Chemistry and Biochemistry at Duquesne, to discuss a potential collaboration to pursue certain microwave technologies. The contact was not solicited by Professor Kingston. After their discussion, on or about May 3, 1999, Professor Kingston sent a Mutual Confidential Disclosure Agreement (the "MCDA") to Plaintiff in Colorado. Plaintiff signed the MCDA and faxed it back to Professor Kingston, who also signed it.

On May 10, 1999, Plaintiff faxed information to Professor Kingston, who was in Denver on an unrelated personal matter. That evening Plaintiff and Professor Kingston met for dinner and discussed some of the information which is now at issue in this case. After Plaintiff and Professor Kingston exchanged several emails, Plaintiff received a blank Cooperative Research and Development Agreement (the "CRDA") from an email address at Duquesne. Plaintiff contends that he orally accepted the terms of the CRDA, and then executed it when he traveled to Duquesne University in Pennsylvania on August 5, 1999. Plaintiff contends that over the next few months, he performed under these Agreements by completing tasks and a "substantial portion of IMT's work" in Colorado as contemplated by the CRDA. In his complaint, Plaintiff alleges that on November 10, 1999, Duquesne filed patent applications related to a process/method that was discovered, but not properly disclosed to IMT and Plaintiff, during the work performed on the CRDA. Plaintiff brought this action seeking damages from Duquesne for breach of the MCDA and the CRDA.

2

In this motion, Defendant asserts that because it did not solicit, negotiate, execute or perform any aspect of the relevant Agreements in Colorado, this Court may not properly exercise personal jurisdiction over it.

B.  Law

In order to establish personal jurisdiction over a nonresident defendant in a diversity case, Colorado's long-arm statute establishes personal jurisdiction over defendants who, either in person or by an agent, engage in various activities within the state including the transaction of business.   Colo. Rev. Stat. §§ 13-1-124 and -125;  *see also National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, 115 F.Supp.2d 1250, 1253 -1254 (D. Colo. 2000).   Pursuant to Colorado law, this Court may exercise personal jurisdiction to the full extent of the Due Process Clause of the Fourteenth Amendment.  *Id.* at 1254 (in Colorado the analysis is a single inquiry – whether the exercise of personal jurisdiction over a diversity defendant comports with due process).   Federal law, not state law, guides the due process analysis.  *Id.*

"The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful 'contacts, ties, or relations.'"  *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (*quoting International Shoe Co. v. State of Washington,* 326 U.S. 310, 319, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  To stay within due process limitations, a forum may exercise personal jurisdiction only over defendants that have "certain minimum contacts [with the jurisdiction] ... such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. State of Washington, supra*, 326 U.S. at 316 (*quoting Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 85 L.Ed. 278 (1940)).   Therefore,

3

even where a plaintiff has made a showing of minimum contacts, a court must ensure that an

assertion of personal jurisdiction will comport with fair play and substantial justice.  *Keefe*

*Kirschenbaum & Kirschenbaum, P.C.*, 40 P.3d 1267, 1272 (Colo. 2002).

The "minimum contacts" standard for the transaction of business may be satisfied in either

of two ways – general or specific  jurisdiction.  *See Kuenzle v. HTM Sport-Und Freizeitgerate*

*AG,* 102 F.3d 453, 455 (10th Cir. 1996); *F.D.I.C. v. First Interstate Bank of Denver, N.A.,* 937

F.Supp. 1461, 1468 (D.Colo. 1996).  In this case, Plaintiff does not argue that Duquesne is

subject to the Court's general jurisdiction.  Rather, Plaintiff contends Duquesne has sufficient

contacts with Colorado, as the forum state, to subject it to the Court's specific jurisdiction.

"Specific jurisdiction may be exercised where the defendant has 'purposefully directed' its

activities toward the forum jurisdiction and where the underlying action is based upon activities

that arise out of or relate to the defendant's contacts with the forum."  *Kuenzle v. HTM Sport-*

*Und Freizeitgerate AG, supra,* 102 F.3d at 456.  Colorado has adopted a three-prong test for

specific personal jurisdiction:  (1) the defendant must purposefully avail himself of the privilege of

acting in Colorado or of causing important consequences in the state; (2) the cause of action must

arise in the forum state from the consequences of defendant's activities; and (3) the activities must

have a substantial enough connection with the forum state to make the exercise of jurisdiction

over the defendant reasonable.  *Encore Productions, Inc. v. Promise Keepers,* 53 F.Supp.2d

1101, 1116 (D.Colo. 1999)(*citing F.D.I.C. v. First Interstate Bank of Denver, supra,* 937

F.Supp. at 1468).

Where, as here, a defendant filed a motion to dismiss that challenges a court's *in*

*personam* jurisdiction prior to trial, the plaintiff must make a *prima facie* showing based on

affidavits and other written materials and the allegations in the complaint must be taken as true to

the extent they are uncontroverted by the defendant's affidavits and all factual disputes are

resolved in the plaintiff's favor.   *National Business Brokers, Ltd. v. Jim Williamson Productions,*

*Inc.*, *supra*, 115 F.Supp.2d at  1253 (*citing Behagen v. Amateur Basketball Ass'n.,*744 F.2d 731,

733 (10th Cir.1984)); *see also Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1075 (10th Cir.

1995).   If the parties present conflicting affidavits, I must resolve all disputed facts and draw all

reasonable inferences in the plaintiff's favor.  *Encore Productions, Inc. v. Promise Keepers, supra,*

53 F.Supp.2d at 1114 (*citing Behagen v. Amateur Basketball Ass'n of U.S.A., supra,* 744 F.2d at

733).

C. Analysis

Plaintiff argues that he has made a *prima facie* case of minimal contacts because Duquesne

"purposefully directed its activities toward Colorado and the injuries alleged by him arise out of

and/or relate to Duquesne's contacts with Colorado."   Specifically, he argues that Duquesne

drafted the Agreements at issue and sent them to Plaintiff in Colorado.   He then met with

Professor Kingston, as a representative of Duquesne, in Colorado and disclosed the alleged

confidential information at issue in this case.  In addition, he contends that he performed his

obligations under the contracts while in Colorado, including conducting research and development

and collecting and transmitting additional confidential information from Colorado to Duquesne

University in Pennsylvania.  He further asserts that Duquesne was aware that disclosure of

confidential information in violation of the Agreements, which he alleged happened here, would

cause damage in Colorado.  Finally, Plaintiff maintains that his relevant papers are located in

Colorado and that his patent attorney resides here.   He claims that his pursuit of this litigation

requires "substantial personal involvement" which would be hindered and made significantly more

expensive if the matter was litigated in Pennsylvania.

To determine whether this Court may exercise specific personal jurisdiction over

Duquesne, I address the first prong of the applicable test – whether Plaintiff can demonstrate that

Duquesne purposefully availed itself of the privilege of conducting business in Colorado.   Taking

Plaintiff's allegations as true, I cannot conclude that Duquesne's participation in the alleged

contractual relationship at issue amounted to a purposeful direction of its activities in Colorado.


Plaintiff does not dispute that he initially sought out and contacted Duquesne.  Contrary to

Plaintiff's argument, I do not agree that his execution of the MCDA, and alleged oral acceptance

of the CRDA, in Colorado is significant under these circumstances.   Although Plaintiff contends

that his meeting with Professor Kingston, which happened to take place in Colorado, constitutes

part of the alleged breach, such meeting does not constitute an effort by Duquesne to conduct

business in Colorado.  Likewise, Plaintiff's actions in Colorado, which he asserts were in

performance of the parties' Agreements, do not pertain to Duquesne's actions within the state.

These alleged acts, in and of themselves and in combination, do not demonstrate that

Duquesne has a substantial connection with or purposefully directed its activities toward

Colorado.  *See Asahi Metal Industry Co. v. Superior Court of California,* 480 U.S. 102, 109, 107

S.Ct. 1026, 94 L.Ed.2d 92 (1987)(purposeful availment requires actions by the defendant which

"create a 'substantial connection' with the forum State").  *See also Ruggieri v. General Well*

*Serv., Inc.,* 535 F.Supp. 525, 535 (D.Colo. 1982)(a party does not submit itself to personal

jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum); *Associated Inns & Restaurant Co. v. Development Assocs.,* 516 F.Supp. 1023, 1026 (D.Colo. 1981)(the same is true even where the defendant enters the forum state to discuss some of the details of the contract). *See also SGI Air Holdings II LLC. v. Novartis Intern.*, 192 F.Supp.2d 1195, 1203 (D.Colo. 2002)(noting that Colorado courts have previously refused personal jurisdiction over out-of-state defendants on the basis of insufficient minimum contacts where those defendants have entered into and allegedly breached a contract with a Colorado resident). "Merely because 'a forum-state resident is a party to the contract and it may be foreseeable that his rights in the forum state will be affected is not a sufficient basis for personal jurisdiction.'" *Encore Productions, Inc. v. Promise Keepers*, *supra,* 53 F.Supp.2d at 1117 -1118 (*quoting Ruggieri v. General Well Service, Inc., supra,* 535 F.Supp. at 532).

In addition, I find that Duquesne's contacts with Colorado are such that maintenance of this suit would "offend traditional notions of fair play and substantial justice" – the third prong of the test for assessing specific personal jurisdiction – as set forth in *International Shoe Co. v. State of Washington*, *supra,* 326 U.S. at 316. To determine the reasonableness prong of the test for specific jurisdiction, I consider the following: (1) the burden on the defendant; (2) the forum state's interest in resolving the dispute; (3) the plaintiff's interest in receiving convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and (5) the shared interest of the several states in furthering fundamental substantive social policies. *Encore Productions, Inc. v. Promise Keepers, supra*, 53

F.Supp.2d at 1118 (*citing Asahi Metal Industry Co. v. Superior Court of California, supra,* 480

U.S. at 113).

While Plaintiff asserts that it would be a substantial personal burden for him to pursue this litigation in Pennsylvania, it would be equally burdensome for Duquesne to litigate here. Colorado's interest in litigating this matter is limited; in fact the Agreements at issue were form agreements drafted by Duquesne in Pennsylvania and the CRDA expressly provides for the application of Pennsylvania law.  Neither party asserts that Plaintiff could not receive convenient and effective relief in Pennsylvania.  As to efficiency, it appears as though most of the relevant witnesses and documents, save the Plaintiff and his alleged work product, are presumably located in Pennsylvania.  Finally, it does not appear as though either state has an inherently stronger interest in advancing a "the substantive social policy interest" in the determination of this matter. As a result, the consideration of the relevant reasonableness factors, and the fact that they weigh primarily in Duquesne's favor, leads me to the conclusion that subjecting Duquesne to personal jurisdiction in this forum would be inconsistent with notions of "fair play and substantial justice."

Therefore, even when the facts are viewed in favor of Plaintiff, I conclude that he has failed to establish, under both the first and third prongs of the applicable test, a *prima facie* case that Duquesne had the requisite minimum contacts with Colorado to assess specific personal jurisdiction as a matter of law.   In light of my disposition of this jurisdictional issue, I do not reach Duquesne's Motion to Dismiss for Failure to State a Claim or its alternative Motion to Transfer Venue.

ACCORDINGLY, for the foregoing reasons, I GRANT Defendant Duquesne University's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) [#4] and

ORDER that Plaintiff  Fritz Schaefer's First Amended Complaint  [3#] is DISMISSED

WITHOUT PREJUDICE.  As a result, I DENY AS MOOT Defendant's  Request for Hearing on

Lack of Personal Jurisdiction [#10] and VACATE the scheduling conference currently set for

10/13/2005 at 9:30 a.m. [#11].  It is

      FURTHER ORDERED that costs are awarded Defendant.


Dated: October __6__, 2005, in Denver, Colorado.


                        BY THE COURT:


                         s/Lewis T. Babcock
                        LEWIS T. BABCOCK, CHIEF JUDGE